IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anibal Gonzalez-Gonzalez,<br><br>   Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>   Respondents. | No. CV-25-04478-PHX-DWL (DMF)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging his immigration detention. The Court will order Respondents[1] to show cause why the Petition should not be granted.[2]

**I. Background**

Petitioner is a citizen of Guatemala who "last entered the United States on December 5, 2007 . . . and has been living in the United States for 20 years." (Doc. 1 ¶¶ 19, 23.) Petitioner was arrested on August 25, 2025 and placed in removal proceedings. (*Id.* ¶ 20.) On September 5, 2025, the BIA entered the precedential decision *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which determined that all noncitizens who enter

---

[1] Petitioner named Department of Homeland Security Secretary Kristi Noem; Immigration and Customs Enforcement ("ICE") Acting Director Todd Lyons; ICE Phoenix Field Office Director John Cantu; Executive Office for Immigration Review Acting Director Sirce Owen; and Florence Service Processing Center Warden Luis Rosa, Jr. as Respondents.

[2] Petitioner also filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) Because the Court is directing Respondents to show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief. The motion will therefore be denied without prejudice.

without inspection are "applicants for admission" under 8 U.S.C. § 1225(a) and therefore subject to mandatory detention under § 1225(b)(2), without regard for the length of time they have lived in the United States. (Doc. 1 ¶ 31.)

Petitioner alleges that detention without a bond hearing is violative of his substantive and procedural due process rights. (Doc. 1 at 13-14.) Petitioner requests release from custody or an order directing Respondents to provide him a bond hearing under 8 U.S.C. § 1226. (*Id.* at 14.)

## II. Order to Show Cause

Dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not subject to mandatory detention under § 1225(b)(2). *See, e.g., Capote v. Secretary of U.S. Dep't of Homeland Sec.*, 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases). The undersigned recently reached the same conclusion. *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025). The Court's review of the Petition suggests that this case is indistinguishable from *Echevarria*, and that Petitioner is thus entitled to a bond hearing. Respondents must therefore show cause why the Petition should not be granted.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to

the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **December 9, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **December 10, 2025**.[3]

Dated this 5th day of December, 2025.

Dominic W. Lanza
United States District Judge

---

[3] The Court's past practice has been to give Respondents a week to respond to the OSCs issued in these cases. Respondents' practice, in turn, has been to file what is essentially a boilerplate response that is unchanged from case to case. Given this backdrop, there is no need to allocate a full week for further briefing in response to the OSC.

- 3 -