IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anibal Gonzalez-Gonzalez,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>    Respondents. | No. CV-25-04478-PHX-DWL (DMF)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging his immigration detention. (Doc. 1.)[1] In a November 13, 2025 order, the Court ordered Respondents to show cause ("the OSC") why the petition should not be granted. (Doc. 5.) The OSC is now fully briefed. (Docs. 8-9.) For the reasons that follow, the petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.  Background**

Petitioner is a citizen of Guatemala who "last entered the United States on December 5, 2007 . . . and has been living in the United States for 20 years." (Doc. 1 ¶¶ 19, 23.) Petitioner was arrested on August 25, 2025 and placed in removal proceedings. (*Id.* ¶ 20.) The Immigration Court stated that it lacked jurisdiction to consider bond for Petitioner because DHS had classified him as subject to § 1225(b)(2) based on the Board of

---

[1] Petitioner also filed a motion for temporary restraining order and preliminary injunction. (Doc. 2.)

Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025). (*Id.* ¶ 31.)

In the petition, Petitioner challenges Respondents' interpretation of 8 U.S.C. § 1225(b)(2) as violative of his due process rights. Petitioner requests release from custody or an order directing an Immigration Judge to conduct a bond hearing under § 1226.

**II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Respondents state they "are aware of this Court's prior decision rejecting Respondents' position, *see Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but respectfully maintain that Petitioner falls within the definition of an 'arriving alien' warranting mandatory detention as the removal process unfolds. Respondents also respectfully maintain that an alien is an 'applicant for admission' until an immigration official has inspected that person and determined that he or she is admissible into the United States." (Doc. 7 at 11.)

Nothing in Respondents' brief persuades the Court that *Echevarria*'s analysis was mistaken. The Court is also aware of several decisions adopting Respondents' position. But Respondents' view clearly represents the minority position—in the weeks since the Court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). At any rate, having carefully reviewed the recent decisions adopting the minority view, the Court respectfully declines to revisit the conclusion it reached in *Echevarria*.

…

Accordingly,

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing him a bond hearing.

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 12th day of December, 2025.

Dominic W. Lanza
United States District Judge